IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHELIA GAY,** | ) |
| | ) CIVIL ACTION NO.: |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HOWMEDICA OSTEONICS** | ) |
| **CORP. D/B/A STRYKER** | ) JURY TRIAL DEMANDED |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff, Shelia Gay, by and through her undersigned attorneys, brings this action for damages in excess of $75,000, and alleges as follows:

## INTRODUCTION

On December 24, 2016 Plaintiff received a Stryker 12-hole right distal lateral femoral plate for a broken femur suffered by her.  The femoral plate prematurely failed due to its breaking in half.  The Plaintiff suffered an unnecessary surgery to remove and replace the same as a result.  This failure caused the Plaintiff to suffer pain and discomfort, medical bills, excessive surgery and doctors visits, and other damages that she would not have incurred were it not for the failure of the plate, manufactured and sold solely by the Defendant, Howmedica Osteonics Corp., d/b/a Stryker.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over all claims

encompassed within this controversy by virtue of 28 U.S.C. § 1332. The Plaintiff is completely diverse in citizenship from all Defendants, and the amount in controversy exceeds $75,000.00.

2. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Northern District of Alabama, Southern Division. All Defendants are subject to personal jurisdiction within the District and Division for purposes of § 1391 and a substantial amount of the events giving rise to this litigation occurred in that District and Division.

## PARTIES

3. Plaintiff was injured by a defective 12-hole lateral femoral plate designed, manufactured, sterilized, marketed, stored, distributed, and sold by Defendant Howmedica Osteonics Corporation. (hereinafter "Defendant" or "Stryker").

4. Defendant Stryker is a corporation organized and existing under the laws of New Jersey, with its principal place of business in Mahwah, New Jersey. Defendant does business throughout the United States, including in the state of Alabama. Defendant is registered to transact business within the State of Alabama, and may be served with the summons and complaint through its registered agent, CT Corporation System, 2 North Jackson St. Suite 605 Montgomery, AL 36104.

5. Upon information and belief, at all times herein mentioned, the employees of Defendant, its subsidiaries, affiliates, and other related entities, were the agents, servants and employees of Defendant, and at all times relevant times, were acting within the purpose and scope of said agency and employment. Whenever reference in this Complaint is made to any act or transaction of Defendant, such allocation shall be deemed to mean that the principals, officers, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed such transaction on behalf of Defendant while actively engaged in the scope of their duties.

6. Defendant designed, manufactured, sterilized, marketed, stored, distributed, and sold 12 hole right lateral femoral plates, which it placed in the channels of commerce with knowledge that a substantial number of such systems would be used in Alabama.

7. Defendant regularly does business in Alabama, regularly solicits business in Alabama, and derives substantial revenue from goods used or consumed in Alabama.

8. Plaintiff is and at all relevant times was a resident of Tuscaloosa County in the State of Alabama, and all damages incurred arose from injuries received in Jefferson County, Alabama.

## FACTUAL BACKGROUND

9.   On December 24, 2016 Plaintiff underwent an open femoral shaft fracture surgery performed by Dr. Samuel Goldstein at St. Vincent's Hospital in Birmingham, Alabama.

10.   The femoral shaft fracture was repaired with the following components:

   a)   Stryker, Lot Number 12/24/16-31.03; Model No. 437532, 12 hole right distal lateral femoral plate.

   b)   Stryker, Lot Number 12/24/16-31.03; Model No. 340665, 4 5X65 mm screws.

   c)   Stryker, Lot Number 12/24/16-31.03; Model No. 340638, 4 5X35 mm screws.

   d)   Stryker, Lot Number 12/24/16-31.03; Model No. 340634, 4 5X34 mm screws.

   e)   Stryker, Lot Number 12/24/16-31.03; Model No. 371585, locking screws.

   f)   Stryker, Lot Number 12/24/16-31.03; Model No. 371580, locking screws.

   g)   Stryker, Lot Number 12/24/16-31.03; Model No. 371534, locking screws.

   h)   Stryker, Lot Number 12/24/16-31.03; Model No. 371530, locking screws.

   i)   Stryker, Lot Number 12/24/16-31.03; Model No. 370114, pemprosthetic screws.

  j)  Stryker, Lot Number 12/24/16-31.03; Model No. 343085, screws.

11. When Dr. Goldstein performed the left knee replacement surgery upon Plaintiff, both Dr. Goldstein and his patient anticipated that the 12 hole femoral plate and its component parts would work properly and safely for a period of time.

12. After the initial replacement, Plaintiff experienced pain and discomfort in her right leg.  In November 2017, a surgery was performed because of the nonunion right femoral shaft fracture.

13. On November 14, 2017, during the surgery it was confirmed 12 hole femoral plate and its component parts made by Defendant had completely fractured and broken apart.

14. The Stryker 12 hole femoral plate and its component parts failed due to a manufacture and/or design defect. The lateral femoral plate and its component parts were defective and failed.

15. Defendant sold the defective device, which were unsafe for their intended use by reason of defects in their design, manufacture, testing, storage, and assembly.

16. Plaintiff was unaware of these defects at any time prior to the injuries caused by said devices.

17. As a legal result of the defects in the devices, Plaintiff was injured and suffered physical and mental pain, and bodily injuries.

[033275-0001/3023679/1]

18.     As a further result of the defects in the devices and the aforementioned injuries, Plaintiff has been, and in the future likely will be required to obtain the services of physicians and to incur other medical expenses. Plaintiff has suffered pain and a loss of mobility.

19.     As a further legal result of the defects in the devices and the injuries suffered, Plaintiff has suffered permanent impairment, disfigurement, medical expenses, anxiety, loss of quality of life, pain and suffering and other damages caused by the acts and omissions of Defendant, in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for damages as set forth in the relief requested below.

## COUNT ONE

## NEGLIGENCE/WANTO

20.     The Defendant owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, storage, and distribution of the 12-hole lateral femoral plate and its component parts.

21.     The Defendant, in breach of the duty described above, negligently, wantonly, and carelessly designed, manufactured, marketed, sterilized, stored, distributed, and sold the defective 12 hole lateral femoral plate and its component parts.

22.     As a direct and proximate result of the conduct of the Defendant, lateral femoral plate and its component parts failed causing the products to be unfit for their intended use.

[033275-0001/3023679/1]

23. As a direct and proximate cause of this breach, Plaintiff has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; Her injuries and losses are permanent in nature and Plaintiff will continue to suffer undue duress and such losses in the future.

## COUNT TWO

## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

24. Plaintiff incorporates all allegations above as fully set forth herein.

25. At the time the Defendant sold the 12-hole lateral femoral plate and its component parts, they contained defects.

26. The products reached Plaintiff without substantial change in the condition in which they were sold.

27. The products were not reasonably safe when used in a foreseeable manner.

28. The 12 hole lateral femoral plate and its component parts device failed within 12 months her initial surgery.

29. As a further legal result of the defects in the devices and the injuries suffered, Plaintiff has suffered permanent impairment, disfigurement, medical expenses, anxiety, loss of quality of life, pain and suffering and other damages caused by the acts and omissions of Defendant, in an amount to be proven at trial.

## COUNT THREE

## BREACH OF EXPRESS WARRANTY

30. Plaintiff incorporates all allegations above as fully set forth herein.The Defendant designed, manufactured, sterilized, stored, and distributed both the 12 hole femoral plate and its component parts at issue in this case.

31. The express warranty issued by Defendant in regard to its products failed of its essential purpose.

32. The Defendant sold Plaintiff a 12 hole femoral plate that failed in less than twelve months.

33. Upon information and belief, Defendant refused to repair or replace the malfunctioning component, and/or failed to do so within a reasonable time.

34. Plaintiff was a foreseeable user of the products.

35. Through her agents, Plaintiff purchased the products from Defendant.

36. The devices failed while being used for their intended purpose, causing injury to the Plaintiff.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY

37. Plaintiff incorporates all allegations above as fully set forth herein.

38. Defendant designed, manufactured, marketed, sterilized, stored, and distributed the 12 hole femoral plate and its component parts at issue in this case.

39. Defendant impliedly warranted that their products were reasonably fit for their intended use.

40. The Defendant sold Plaintiff a 12 hole femoral plate and its component parts that failed in less than twelve months.

41. Plaintiff was a foreseeable user of the products.

49. Through her agents, Plaintiff purchased the products from Defendant.

50. The devices failed while being used for their intended purpose, causing injury to the Plaintiff.

51. As a further legal result of the defects in the devices and the injuries suffered, Plaintiff has suffered permanent impairment, disfigurement, medical expenses, anxiety, loss of quality of life, pain and suffering and other damages caused by the acts and omissions of Defendant, in an amount to be proven at trial.

## COUNT FIVE
## FAILURE TO WARN

52. Plaintiff incorporates all allegations above as fully set forth herein.

53. Defendant designed, manufactured, marketed, sterilized, stored, and distributed 12 hole femoral plate and its component parts at issue in this case.

54. Defendant supplied the products to Plaintiff, and knew that the products would likely be dangerous for the use they were supplied for.

55. Defendant had no reason to believe that Plaintiff would realize the products dangerous condition.

56. Defendant failed to exercise reasonable care to inform Plaintiff of their products dangerous condition or of the facts which make the products likely to be dangerous.

57. Plaintiff was a foreseeable user of the products.

58. Through her agents, Plaintiff purchased the products from Defendant.

64. The Plaintiff and his physician anticipated that the 12 hole femoral plate and its component parts would work properly and safely.

65. The devices failed while being used for their intended purpose, causing injury to the Plaintiff.

66. As a further legal result of the defects in the devices and the injuries suffered, Plaintiff has suffered permanent impairment,

disfigurement, medical expenses, anxiety, loss of quality of life, pain and suffering and other damages caused by the acts and omissions of Defendant, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, special damages, exemplary damages, punitive damages, and all such other damages to which Plaintiff may be entitled under Alabama law, all in an amount to be determined by a jury; and for all such other relief and costs that are deemed just and proper.

Respectfully submitted,

/s Craig L. Lowell
Craig L. Lowell

/s Patrick Pantazis
Patrick Pantazis

OF COUNSEL:
**WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500

## JURY DEMAND

**Plaintiff demands a jury trial on all issues so triable.**

/s Craig L. Lowell
Craig L. Lowell

[033275-0001/3023679/1]

Plaintiff Address:
Shelia Gay
301 19th Street North
Birmingham, AL  35203


Defendant Address:

Howmedica  Osteonics d/b/a Stryker
c/o CT Corporation
2 Jackson Street, Ste 605
Mongtomgery, AL  36104

[033275-0001/3023679/1]

[033275-0001/3023679/1]